

FILED
CLERK, U.S. DISTRICT COURT
MAR - 2 2020
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELEAZAR MARTINEZ-MEDINA,<br><br>Defendant. | Case No. 20-873M<br><br>ORDER OF DETENTION |

## I.

On February 25, 2020, Defendant made his initial appearance in this district on the Indictment filed in the Western District of New York. Deputy Federal Public Defender Reed Rowe was appointed to represent Defendant. After hearing from the parties, the detention hearing was continued to March 2, 2020 to provide the Court with additional information regarding the Defendant's role in the offense charged. A detention hearing was held on March 2, 2020 at 11:30 a.m., The government presented the testimony of DEA Special Agent David Turner who was also cross-examined by Defendant's counsel, DFPD Rowe.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of

terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ bail resources proffered by the Defendant are insufficient to assure the Court that Defendant will appear for future court appearances in the Western District of New York

☒ travel to Mexico

☒ According to Special Agent Turner, the investigation of a drug conspiracy in the Buffalo, N.Y. area revealed that Defendant acted as a courier transporting drugs and/or cash to co-conspirators in February 2019. Following Defendant's return to Los Angeles, approximately $650,000 in cash was seized from a rental vehicle driven by the Defendant and in which he was the sole occupant. Search warrants executed in connection with the investigation in the Buffalo, N.Y. resulted in significant seizures of drugs, firearms, and cash.

☒ Unrebutted Presumption.

As to danger to the community:

☒ Allegations in the indictment and Defendant's role in the conspiracy (see above).

☒ criminal history consists of 2009 felony conviction for receiving stolen property

☒ Unrebutted Presumption.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial and be transported to the United States District Court for the Western District of New York for further proceedings.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: March 2, 2020             \_\_\_\_\_/s/_____
                                 HON. ALKA SAGAR
                                 UNITED STATES MAGISTRATE JUDGE